IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VIRENDAR K. VERMA, M.D., and
REHAB AND PAIN MANAGEMENT CLINIC, P.A.                     PLAINTIFFS

v.                              5:06CV00043-WRW

JEFFERSON HOSPITAL ASSOCIATION
d/b/a JEFFERSON REGIONAL MEDICAL
CENTER and REHABCARE GROUP, INC.                           DEFENDANTS

# ORDER

Pending are Plaintiffs' Motions to Quash Subpoenas (Doc. Nos. 242, 244, 246, 248, 250, and 252). Defendant RehabCare has responded (Doc. No. 254). Defendant Jefferson's Motion to Join RehabCare's Response (Doc. No. 255) is GRANTED.

Defendants served subpoenas on U.S. Bank, Webster Financial Corp., Mr. Robert Croft, Simmons First National Bank, Federated Investors, Inc., and Ms. Cynthia Conger seeking documents pertaining to the following information about Plaintiffs' business and personal finances:

- all federal and state income tax returns
- all federal and state payroll taxes
- all financial records
- all bank accounts
- all bank reconciliations
- general ledgers
- balance sheets and income statements
- a complete listing of book to tax differences
- all loan documents with amortization schedules
- an insurance report by year that details the amount of monies paid by insurance providers, patient co-pays, and patient payments
- all correspondence to and from Plaintiffs

Defendants maintain that this information is necessary to counter Plaintiffs damages claims because they have put their income at issue by alleging a loss of income. Defendants also claim that

subpoenas became necessary after "repeated and persistent attempts" to get the information through requests for production of documents failed.[1]

Plaintiffs argue that the subpoenas should be quashed because they are aimed at "embarrassing the Plaintiffs, damaging their credit relationship with their bank and otherwise slander Dr. Verma's name in the community."[2] Plaintiffs also contend that the subpoenas are overly broad in time and scope.

Federal Rule of Civil Procedure 45 governs the manner in which parties may obtain evidence by subpoena. Rule 45(c) is intended to prevent abuse of the subpoena power and requires that a district court protect the property rights of the person subject to the subpoena:

> If a subpoena
>   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
>
> * * *
>
> the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.[3]

Although Defendants argue that Plaintiffs have no standing under Rule 45 to move to quash the subpoenas because they are directed to banks and financial institutions, I do not agree. Plaintiffs have a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs, so they have standing to challenge the subpoenas.[4] Even if the information is not

---

[1] Doc. No. 254.

[2] Doc. No. 242.

[3] Fed. R. Civ. P. 45(c)(3)(B).

[4] *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2457 (1971) ("Ordinarily a party has no standing to seek to quash a subpoena to one who is not a party unless

confidential, the Plaintiffs may be entitled to have a subpoena quashed to protect them from undue annoyance, embarrassment, or oppression.[5] When addressing the effects of a subpoena that requires the disclosure of confidential information under Subdivision (i), a court may either quash or modify the subpoena, or "may order appearance or production . . . upon specified conditions."[6]

Plaintiffs are correct that the subpoenas are too broad in time and subject matter. Therefore, Plaintiffs' Motions to Quash are GRANTED. Nevertheless, I find that some of the information sought should be provided by Plaintiffs because they opened the door by claiming loss of income. Accordingly, Plaintiffs are directed to provide the following within ten days of entry of this Order:

- all federal and state income tax returns from 1999 to present;
- all documents supporting Plaintiffs' assertions of lost medical fees and damages computations including balance sheets and income statements, during the relevant time period, from the business;

After receipt of these documents, if any other documents are desired, Defendants may request more.

IT IS SO ORDERED this 4th day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

the party claims some personal right or privilege with regard to the documents sought.").

[5] Fed. R. Civ. P. 26(c).

[6] *Id*.